## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Sarah DeAlba<br>2194 E Roanoke<br>Boise, ID 83712<br><br>　　　Plaintiff,<br><br>v.<br><br>UNITED STATES COAST GUARD<br>2703 Martin Luther King Jr. Ave SE<br>Washington, DC 20593<br><br>　　　Defendant. | *<br>*<br>*<br>*<br>*<br>*<br>*　Case No.: __26-cv-360__<br>*<br>*<br>*<br>*<br>*<br>* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## FOIA COMPLAINT

1. This is an action seeking to redress the failure of Defendant, the United States Coast Guard ("Coast Guard" or "Defendant"), to provide Plaintiff with records responsive to Plaintiff's Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") requests, seeking among other things, medical records, information about the death of her son, Coast Guard PO3 Nicholas DeAlba, and Coast Guard communications and reports surrounding the circumstances of his death, which occurred on October 26, 2024 in or around Coast Guard Base Seattle, Washington. Plaintiff seeks this Court to enjoin Defendant from withholding these requested records and to order Defendant to immediately provide all non-exempt information and records responsive to her FOIA requests.

2. This court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B).

3. Venue properly vests in this court pursuant to 5 U.S.C. § 552(a)(4)(B).

4. Plaintiff, Sarah DeAlba, is a United States citizen, and is the requester of the records which Defendant is withholding.

5. Defendant is an agency of the United States and, as such, is subject to the FOIA pursuant to 5 U.S.C. § 552(f).

6. Between December 30, 2024, and September 21, 2025, Plaintiff sent multiple FOIA requests to Defendant requesting records.

7. The information requested is essential to protect the public interest against the Coast Guard from being permitted to withhold non-classified communications, report findings, and pertinent medical information from a deceased servicemember's duly authorized next-of-kin, including Plaintiff, and to ensure proper accountability when a Federal agency may have played a potential role in the cause of a servicemember's death.

8. FOIA mandates that an agency on any request for records must make the records promptly available. 5 U.S.C. § 552(a)(3)(A).

9. Under FOIA, an agency must determine whether to comply with a FOIA request within 20 business days and must immediately notify the person making the request of such determination and the reasons for the decision. 5 U.S.C. § 552(a)(6)(A)(i)(I).

10. The 20-day deadline for an agency to determine whether to comply with a FOIA request begins on the earlier of: (1) the date the request is first received by the "appropriate component of the agency"; or (2) ten days after the request is first received by "any component of the agency that is designated in the agency's regulations . . . to receive [FOIA] requests . . . ." 5 U.S.C. § 552(a)(6)(A)(ii).

11. If an agency does not respond to a FOIA request by the statutory deadline, the requestor is deemed to have exhausted administrative remedies and may thereafter pursue judicial review. 5 U.S.C. § 552(a)(6)(C)(i).

12.     Plaintiff filed the following nine FOIA requests through the Defendants online system, in accordance with the procedures established by the Coast Guard. The table below demonstrates when the request was submitted, when receipt, if any, was acknowledged by the Coast Guard, the tracking number assigned, along with a brief description of the records sought:

| Date Request Submitted | Date Coast Guard Acknowledged Receipt | Tracking Number Assigned | Brief Description |
| --- | --- | --- | --- |
| 12/30/2024 | 2/4/2025 | 2025-CGFO-00633 | Communication between PO3 DeAlba and his Family Advocate Program Specialist. |
| 2/19/2025 | 4/4/2025 | 2025-CGFO-01059 | Records from between 2:00 a.m. October 26, 2024 and 2:00 a.m. October 27, 2024 regarding an initial King County phone call and subsequent health-check search for PO3 DeAlba, including call logs, texts, reports, photos, and related communications possessed by the Coast Guard related thereto. |
| 3/4/2025 | 3/8/2025 | 2025-CGFO-01157 | Audio recordings of phone calls between King County and the Coast Guard between 2:00 a.m. October 26, 2024 and 2:00 a.m. October 27, 2024, regarding the health-check search and subsequent finding of PO3 DeAlba. |
| 3/24/2025 | 3/27/2025 | 2025-CGFO-01333 | Memo 5800, dated 3 March 2025, which was contained in PO3 DeAlba's line of duty determination, written by the Coast Guard. |
| 4/12/2025 | 4/16/2025 | 2025-CGFO-01491 | Completed Form CG-1734 regarding the death of PO3 DeAlba on October 26, 2024, including any associated work papers, meeting minutes, documentation, memos, pictures, texts, transcripts, video images, or other information that was utilized as research, sources, or evidence gathering to complete this report. |
| 4/16/2025 | none | 2025-CGFO-01520 | Copies of text communications and phone logs possessed by the Coast Guard on October 26, 2024 between the time of 2:00am - 10:00pm regarding the initial health check, search, hospitalization, and death of PO3 DeAlba. |

| Date Request Submitted | Date Coast Guard Acknowledged Receipt | Tracking Number Assigned | Brief Description |
|---|---|---|---|
| 5/2/2025 | none | 2025-CGFO-01626 | All medical records for PO3 DeAlba, an active duty Coast Guard service member who passed away on 10/26/24. |
| 4/24/2025 | none | 2025-CGAP-00007 | Records pursuant to an appeal of a request assigned the tracking number FOIA 2025-CGFO-01061. |
| 9/21/2025 | none | 2025-CGFO-02771 | All information extracted from PO3 DeAlba's phone - which was secured as evidence in homicide investigation CS 2411000753. |

13. Plaintiff produced to the Defendant records that satisfactorily demonstrated she was entitled to the records as the duly authorized next-of-kin of her son.

14. As depicted in the table above, the latest FOIA request identified in this Complaint was on September 21, 2025, and as of the filing of this Complaint, well beyond Defendant's 20-day statutory deadline, no response has been received for any of her requests, in violation of 5 U.S.C. § 552(a)(6)(A)(ii).

15. The Defendant did not identify any exceptional circumstances to justify a failure to meet the statutorily defined deadline for any of her requests.

16. In accordance with 5 U.S.C. § 552(a)(6)(C), Plaintiff has exhausted her administrative remedies due to the Agency's failure to comply with the applicable time limit set forth in this statute.

17. Plaintiff, with a public interest in the disclosure of these documents as before-mentioned, is directly and adversely affected by Defendant's failure to make a timely determination and to provide responsive records.

18. By failing to provide Plaintiff with any records responsive to her FOIA requests, Defendant has denied Plaintiff's right to this information under the FOIA.

19. Unless enjoined by this court, Defendant will continue to violate Plaintiff's legal right to access the information and records that she has requested pursuant to the FOIA.

20. Plaintiff is entitled to reasonable costs of litigation, including attorneys' fees pursuant to the FOIA. *See, e.g.,* 5 U.S.C. § 552(a)(4)(E).

WHEREFORE, Plaintiff prays of this Court to:

A. Order Defendant to immediately provide Plaintiff with copies of all requested non-exempt information and records sought in Plaintiff's FOIA requests;

B. Award Plaintiff costs and reasonable attorney's fees in this action, as provided in 5 U.S.C. § 552(a)(4)(E), or through any other permissible fee-shifting mechanism provided by law; and

C. And for such further and other relief as the nature of the cause may require.

Respectfully submitted,

PATRIOTS LAW GROUP
OF LYONS & HUGHES, P.C.,

/S/ Patrick J. Hughes
PATRICK J. HUGHES
DC Bar #: 1029733
2760 Eisenhower Ave, Suite 250
Alexandria, Virginia 22314
T: (301) 952-9000
F: (240) 699-8108
E: patrickhughes@patriotslaw.com
*Attorney for Plaintiff*

Dated: February 6, 2026